## A91A0606. TRAMMELL v. MARTIN.
(408 SE2d 477)

POPE, Judge.
   Plaintiff James C. Trammell filed a request under the Open Records Act with Clayton County, Georgia, asking for "copies of all attorney fees billed to [the] county by Foster & Foster, P. C. for fiscal year ending 30 June, 1990." A representative of the county responded to plaintiff by letter acknowledging that the county would comply with his request but informing him each bill would have to be reviewed by an attorney in the firm Foster & Foster to determine if it contained information exempt from disclosure and that he would be charged a $90 per hour attorney fee for this service.
   Pursuant to OCGA § 50-18-73, plaintiff filed a complaint against the county to enforce compliance with the Act, alleging, inter alia, that the attorney fee the county proposed to charge him was unlawful and in excess of those costs allowed by OCGA § 50-18-71. Pursuant to a hearing, the trial court ruled the county could not charge plaintiff any fees from attorneys for inspecting and screening the requested documents for information exempt from disclosure. The trial court directed plaintiff to file another request with the county and ordered the county to comply with that request within ten days. Accordingly, plaintiff filed another written request, this time requesting: "Detailed statement of all billing to the County for legal services rendered by the law firm of Foster & Foster and any other billing to the County by any other person or firm for fiscal year ending June 30, 1990." In response, the county filed with the court a set of documents containing 235 pages pertaining to bills submitted by Foster & Foster and another set of documents containing 5,364 pages for all other legal bills submitted to the county, including bills for indigent defense fees.
   The copying charges for the Foster & Foster bills amounted to $58.75 and the copying charges for the remaining bills amount to $2,231.89. Plaintiff objected to the copying costs and a hearing was held to determine whether plaintiff could rightfully be charged the full amount. After the hearing, a judgment was entered finding the county's response to plaintiff's second written request was a reasonable interpretation of the documents requested therein and finding plaintiff liable to the county in the full amount charged. Plaintiff appeals.
   1. Plaintiff argues the county knew or should have known he did

not want copies of indigent defense bills. The clear and unambiguous language of plaintiff's second written request for documents, however, asked not only for copies of bills from Foster & Foster but also "any other legal billing to the County by any other person or firm. . . ." At the time plaintiff submitted his second request, he was represented by counsel who had appeared before the trial court to argue plaintiff's interpretation of the Open Records Act. In addition to providing members of the public with the right to obtain copies of certain public records (OCGA § 50-18-71), the Act also provides them with the right to inspect those documents. OCGA § 50-18-71 (a). As the trial court noted in its judgment, the plaintiff ordered copies of the documents described in his request "rather than taking the route open to him under the law of inspecting the records and then selecting only those that he felt compelled to possess." Because plaintiff requested the documents to be copied, the trial court did not err in ordering him to pay those copying costs authorized by OCGA § 50-18-71.

Subsection (e) of OCGA § 50-18-71 requires an agency to "utilize the most economical means available for providing copies of public records." Evidence was presented at the hearing that the county, in the regular course of business, compiled and published every six months a summary of the billings from attorneys for representation of adult indigent defendants. Billings for juvenile defendants were not included in the compilation. Although plaintiff's request asked for a "detailed statement" of billings, insufficient evidence was presented to support a finding that the regularly prepared summary was not responsive to plaintiff's request. No evidence was presented concerning the cost of copying the regularly prepared publication, though it would have undoubtedly cost considerably less than the charges the county sought to bill the plaintiff. Thus, the record does not establish that the county used the most economical means for providing copies of at least part of the information requested by plaintiff. We reverse that portion of the judgment ordering plaintiff to pay the copying charges for the adult indigent defense billings and remand for further determination of the most economical cost for providing that information to plaintiff.

2. The order permitted plaintiff to take possession of the copies of bills from Foster & Foster upon payment of the $58.75 copying charge. The evidence at the hearing showed these bills had been copied after they were reviewed by the county attorney to determine if they contained information exempt from disclosure under the Open Records Act. Plaintiff argues the trial court erred in refusing to conduct an in camera inspection of those records the county attorney determined were exempt from disclosure.

Plaintiff argues an in camera inspection of documents is required by OCGA § 50-18-72 (e) (1), which states that information which

would otherwise be exempt from disclosure because of the attorney-client privilege may be obtained "in a proceeding under Code Section 50-18-73 to prove justification or lack thereof in refusing disclosure of documents . . . provided the judge . . . shall first determine by an in camera examination that such disclosure would be relevant on that issue. . . ." However, this is not a case in which the defendant refused disclosure of requested documents. Although plaintiff's complaint alleged several instances of wrongful conduct or statutory violation against the defendant, the evidence showed only that defendant wrongly planned to charge plaintiff for attorney time required to review the requested documents for information exempt from disclosure. The trial court corrected this violation by ruling plaintiff could not be charged for that service since it was not a charge authorized under OCGA § 50-18-71. No issue of wrongful refusal to disclose documents is presented by this case and therefore the in camera inspection referred to in OCGA § 50-18-72 (e) (1) does not apply. We agree with the trial court that absent any specific objection to the exclusion of documents, it is not required to inspect the documents produced in response to plaintiff's request. We find nothing in the Open Records Act which imposes a duty on the trial court to make a supervisory review of records disclosed under the Act.

3. We deny defendant's motion to impose damages for frivolous appeal.

*Judgment affirmed in part and reversed in part with direction. Motion for damages denied. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JULY 1, 1991 —
RECONSIDERATION DENIED JULY 12, 1991 —

*Sexton, Turner & Moody, Lee Sexton*, for appellant.
*Foster & Foster, Larry A. Foster*, for appellee.